UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARY E. RIEHL                                                              PLAINTIFF

v.                                          CIVIL ACTION NO. 3:13-CV-00186-CRS

THE HARTFORD                                          DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on a motion to reverse the decision of the plan administrator or, in the alternative, to remand to the plan administrator for a full and fair review (DN 15) filed by Plaintiff Mary E. Riehl ("Plaintiff"), and a motion to dismiss (DN 18) filed by Defendant The Hartford ("Defendant"). For the reasons set forth below, the Court will grant the motion to dismiss and will deny as moot the motion to reverse or remand.

**BACKGROUND**

Unless otherwise indicated, the following facts are undisputed. Plaintiff is a former employee of Marsh & McLennan Companies, Inc. ("Marsh"), where she worked as a Software Support Analyst. Under the terms of her employment, Plaintiff was eligible for disability benefits under a Salary Continuation Program ("SCP") maintained by Marsh. While Marsh self-funded the SCP, it contracted with Hartford-Comprehensive Employee Benefits Service Co. ("CEBSCO") to administer its short-term disability ("STD") benefits and Defendant to administer its long-term disability ("LTD") benefits.

In April 2009, Plaintiff began experiencing a wide variety of medical difficulties. By March 2010, Plaintiff's medical difficulties had worsened to such an extent that she believed she could no longer perform the necessary functions of her job. After taking a leave of absence and visiting several doctors, Plaintiff submitted a claim for STD benefits pursuant to the SCP. In denying her claim, CEBSCO explained that "[t]he medical documentation received does not illustrate a mental or functional impairment to such a degree that you would be unable to perform the duties of your occupation." (Administrative Record, DN 10, at 990).

In December 2011, Plaintiff submitted an independent claim for LTD benefits. After reviewing her claim, Defendant advised Plaintiff that it would be denied because the medical documentation she submitted failed to demonstrate that she was unable to perform the necessary functions of her job. Defendant further advised Plaintiff that if she wished to appeal its denial of her claim, she would be required to do so within 180 days. However, Plaintiff never appealed Defendant's denial of her claim for LTD benefits.

On December 26, 2012, Plaintiff filed the present action in Jefferson County Circuit Court alleging that Defendant wrongfully denied her claim for LTD benefits. On January 29, 2013, Defendant removed the action on the basis of federal question jurisdiction. On February 4, 2014, Plaintiff filed a motion to reverse the decision of the plan administrator or, in the alternative, to remand to the plan administrator for a full and fair review. (DN 15). In response, Defendant filed a "Brief on the Merits" wherein it argued, *inter alia*, that Plaintiff's claim for LTD benefits must be dismissed because she failed to exhaust her administrative remedies.[1] Notably, Plaintiff has not responded to Defendant's "Brief on the Merits."

---

[1] Although not so styled, the Court will construe Defendant's "Brief on the Merits" as a motion to dismiss based on its argument that "[Plaintiff's] claim for LTD benefits should be dismissed" due to her failure to exhaust administrative remedies. (Brief on the Merits, DN 18, at 15).

Having considered the parties' briefs and being otherwise sufficiently advised, the Court will now address the motions submitted for decision.

**STANDARD**

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

**DISCUSSION**

Because it is undisputed that Plaintiff failed to appeal Defendant's denial of her claim for LTD benefits, the Court concludes that she failed to exhaust her administrative remedies and will therefore grant the motion to dismiss. Although ERISA itself does not require exhaustion of administrative remedies as a prerequisite to bringing a civil action for disability benefits, the Sixth Circuit has held that "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991); *see also Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 504 (6th Cir. 2004). Thus, Plaintiff's failure to appeal Defendant's

denial of her claim for LTD benefits warrants dismissal for failure to state a claim upon which relief can be granted.

Having concluded that dismissal is appropriate, the Court will deny as moot the motion to reverse the decision of the plan administrator or, in the alternative, to remand to the plan administrator for a full and fair review.

A separate order will be entered in accordance with this opinion.